The STATE of Ohio, Appellee,

v.

MILLION, Appellant.

[Cite as *State v. Million* (1989), 63 Ohio App.3d 349.]

Court of Appeals of Ohio,
Montgomery County.

No. 11450.

Decided June 22, 1989.

*Ronald L. Fobes,* City Prosecutor, for appellee.

*John F. Kolberg,* for appellant.

FAIN, Judge.

Defendant-appellant Larry P. Million appeals from his conviction and sentence for voyeurism, following a bench trial. He contends that his conviction was against the manifest weight of the evidence.

We conclude that although the facts, as found by the trial court, would be sufficient to sustain a conviction for attempted voyeurism, they are insufficient to sustain Million's voyeurism conviction. Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for a new trial.

## I

Million and Wesley Newman, an eight-year-old boy, were seated in stalls in the men's restroom at the J.C. Penney store at the Dayton Mall at 6:30 one evening. The trial court found that there was one empty stall between the stall being occupied by Million and the stall being occupied by Newman.

Newman heard a noise that aroused his suspicion. Newman bent down to peer under the partition of his stall, and saw a mirror being held by Million below the partition of his stall. Newman could see Million's face reflected in the mirror. The mirror was quickly withdrawn. Newman looked again, and again found the mirror being held below the wall of the stall; again it was quickly withdrawn. This maneuver occurred two or three times.

Newman became frightened and left the restroom in haste. He told his mother, who was waiting just outside, what had happened, and she contacted the store security guards. Newman, his mother, and the security guards kept watch outside the men's room, while store personnel attempted to clear the men's room under the pretext that it was necessary to make repairs. After

an interval of about twenty to thirty minutes, Million left the men's room, and was promptly identified by Newman.

Million was convicted of voyeurism, after a bench trial. From his conviction, Million appeals.

## II

Million's sole assignment of error is as follows:

"The court erred to the prejudice of appellant by finding appellant guilty of the crime of voyeurism in that said finding was against the manifest weight of the evidence."

Voyeurism, a misdemeanor of the third degree, is prohibited by R.C. 2907.08(A), which provides as follows:

"No person, for the purpose of sexually arousing or gratifying himself or herself, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop upon another."

The evidence in this case would support an inference that Million's use of a hand-held mirror to look into the next stall was for the purpose of sexually arousing or gratifying himself, since innocent explanations for his behavior do not readily come to mind. Furthermore, the evidence would support a conclusion that Million used the mirror to spy upon Newman.

However, no trespass was committed, nor was Newman's privacy invaded.

Million's use of the mirror seems to have been reasonably calculated to invade the privacy of a person occupying the adjacent stall, but, considering that there was an empty stall intervening between Million's stall and Newman's stall, all that Million would ordinarily have been able to see in Newman's stall would have been a pair of feet.

Although it is a close question, we conclude that an occupant of a public restroom has no reasonable expectation of privacy concerning what can be seen below the level of the stall partition. In fact, it is a common enough practice to bend down to check for a pair of feet, in order to determine whether a stall is occupied, so as to avoid inadvertently barging into an occupied stall, and thereby invading another's legitimate expectation of privacy.

Furthermore, it has been held that an occupant of a stall in a public restroom has no reasonable expectation of privacy, sufficient to protect him from a warrantless examination of the part of the stall below the level of the stall partition, by police officers, in order to look for anything suspicious, such

as two pairs of feet. *State v. Tanner* (1988), 42 Ohio App.3d 196, 537 N.E.2d 702, and the cases cited therein from other jurisdictions.

■ We recognize that in the case before us, based on the evidence, it is not likely that Million's purpose in using a hand-held mirror to look underneath the stall was innocent. Indeed, had anyone been occupying the stall adjacent to Million's stall, the hand-held mirror would have been quite sufficient to invade that person's reasonable expectation of privacy. Accordingly, a reasonable factfinder might have found Million guilty of attempted voyeurism on the facts in this record, since Million may well have been intending to invade the privacy of the individual using the stall next to his, had that stall been occupied.

Because there was an unoccupied stall between Million and Newman, however, Million was not able to see anything in Newman's stall that could not have been observed innocently and foreseeably by someone attempting to ascertain whether Newman's stall was occupied. To that extent, Newman had no objectively reasonable expectation of privacy, even though it is clear that he was understandably frightened under the circumstances.

Million's sole assignment of error is sustained.

### III

Million's sole assignment of error—that his conviction for voyeurism was against the manifest weight of the evidence—having been sustained, the judgment of the trial court will be reversed, and this cause will be remanded for a new trial.

*Judgment accordingly.*

WOLFF, P.J., and BROGAN, J., concur.